Kathryn L. LILLGE, personally and as personal representative of the Estate of Raymond L. Lillge, Plaintiffs,

v.

JOHNS–MANVILLE CORPORATION, et al., Defendants,

v.

OWENS–CORNING FIBERGLASS CORP., Third Party Plaintiff,

v.

NICOLET, INC., et al., Third Party Defendants.

Civ. A. No. 82–C–1287.

United States District Court, E.D. Wisconsin.

Feb. 22, 1985.

Albert J. Goldberg, Milwaukee, Wis., for plaintiff.

Donald H. Carlson, Milwaukee, Wis., for defendant Johns-Manville Sales.

Mark S. Young, Milwaukee, Wis., for third party defendant Owens-Corning Fiberglass.

Robert H. Riley, Chicago, Ill., for third party defendant Owens-Illinois.

Frank R. Terschan, Milwaukee, Wis., for third party defendant Nicolet, Inc.

James Samuelsen, Milwaukee, Wis., for third party defendants H.K. Porter Co. and Southern Asbestos.

Jeffrey A. Schmeckpeper, Milwaukee, Wis., for defendant Eagle-Picher Ind.

Nancy Rice Gruber, Milwaukee, Wis., for defendant Keene Corp.

James A. Pitts, Racine, Wis., for defendant Pittsburgh Corning.

John D. Bird, Jr., Milwaukee, Wis., for defendant Jim Walter Corp.

Arnold J. Wightman, Madison, Wis., for third party defendant Ryder Industries.

James P. O'Neill, Milwaukee, Wis., for third party defendant Atlas Asbestos.

Arthur J. Vlasak, Milwaukee, Wis., for third party defendant Forty-Eight Insulations.

James P. Brennan, Milwaukee, Wis., for third party defendant Raybestos Manhattan.

Thomas H. Harrington, Milwaukee, Wis., for third party defendant Fibreboard Corp.

James G. Doyle, Brookfield, Wis., for third party defendant Standard Asbestos.

James E. Culhane, Milwaukee, Wis., for third party defendant GAF Corp.

Frank M. Coyne, Madison, Wis., for third party defendant American Mut. Liability Ins.

Robert E. Wrenn, Milwaukee, Wis., for defendant Owens-Illinois.

Donald C. Fellows, Milwaukee, Wis., for third party defendant Rock Wool Mfg.

Peter S. Nelson, Appleton, Wis., for third party defendant Armstrong Cork Co.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is a products liability action arising out of injuries allegedly caused by exposure to asbestos fibers. Jurisdiction is based on diversity. The plaintiff alleges in count four of her complaint that the defendants, in their manufacture and distribution of asbestos products, adhered to practices and customs of the industry respecting the manner of use and warnings to users of asbestos products, and that they engaged in a common enterprise with other manufacturers and purveyors of asbestos products that created an unreasonable risk of injury. Eagle-Picher Industries, Incorporated, a defendant in this action, has moved to dismiss count four on the ground that Wisconsin law does not recognize the theory of enterprise liability. I agree that the doctrine of enterprise liability, as that term is used by the courts of other states, has been rejected by the Wisconsin Supreme Court, and therefore count four should be dismissed.

In *Collins v. Eli Lilly Co.*, 116 Wis.2d 166, 342 N.W.2d 37 (1984), the Wisconsin Supreme Court resolved the issue of whether products liability plaintiffs are held to traditional requirements of proving causation when the manufacturer of the injuring product cannot readily be identified. The plaintiff in *Collins* was the daughter of a woman who took the drug DES during pregnancy. The defendants were various former manufacturers of DES. Appealing from an order granting summary judgment for the defendants, plaintiff argued that the theories of alternative liability, concerted action liability, enterprise liability, civil conspiracy, and market share liability provided legal bases for her action. The Wisconsin Supreme Court rejected each of these proffered doctrines, and created a risk-contribution theory of liability.

The complaint in the present case refers specifically to an unreasonable risk of harm created by the defendants' adherence to industry customs and practices. Thus, under this claim, the industry-wide stan-

dard is the cause of the injury, and the defendants should bear the cost of injuries because they control the industry standards. Yet in the context of asbestosis litigation, as in the context of DES-cervical cancer litigation, the number of potential defendants is so great that the assumption that all the defendants jointly controlled the risk of injury is weak. *Id.* at 186, 187 n. 8, 342 N.W.2d at 47 n. 8. On this ground, I reject the enterprise liability theory as inapplicable to asbestos-related products liability litigation.

THEREFORE, IT IS ORDERED that Eagle-Picher Industries' motion to dismiss count four of the complaint is granted.